** E-filed October 25, 2011 **

1  MELINDA HAAG (CSBN 132612)
United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
3  JAMES A. SCHARF (CSBN 152171)
Assistant United States Attorney
4
      150 Almaden Boulevard
5     Suite 900
      San Jose, CA 95113
6     (408) 535-5044
      james.scharf@usdoj.gov
7
Attorneys for Defendant
8
                 UNITED STATES DISTRICT COURT
9
               NORTHERN DISTRICT OF CALIFORNIA
10
                     SAN JOSE DIVISION
11

12  ANGELENE LOMAX,                    Docket No. C 10-4445 HRL
13                  Plaintiff,         **STIPULATION AND AGREEMENT OF
                                       COMPROMISE AND SETTLEMENT
14  v.                                 AND [PROPOSED] ORDER**
15  UNITED STATES DEPARTMENT OF
    VETERANS AFFAIRS,
16
17                  Defendant.

18        IT IS HEREBY STIPULATED by and between the parties, after full and open

19  discussion, that this action be settled and compromised on the following terms:

20        WHEREAS, Plaintiff filed the above-captioned action under the Age Discrimination in

21  Employment Act; Title VII of the Civil Rights Act of 1964; the American with Disabilities

22  Act; and the Fourteenth Amendment of the United States Constitution.

23        WHEREAS, the parties participated in a mediation before Linda McPharlin on

24  September 14, 2011. This mediation was held after Defendant's motion for summary judgment

25  was filed and fully briefed but before said motion was heard. Both parties were represented by

26  counsel at the mediation. The mediation was successful and resulted in the settlement of this

27  case in its entirety.

28

1  WHEREAS, Plaintiff and Defendant wish to avoid any further litigation and

2  controversy and to settle and compromise fully any and all claims and issues that have been

3  raised, or could have been raised, arising out of Plaintiff's employment with Defendant, which

4  have transpired prior to the execution of this Agreement;

5  NOW, THEREFORE, in consideration of the mutual promises contained in this

6  Agreement, and other good and valuable consideration, receipt of which is hereby

7  acknowledged, the Parties agree as follows:

8  1. **Settlement Amount**.  In full and final settlement of all claims in connection with the

9  above-captioned action, Defendant shall pay Plaintiff a total sum of $25,000.00.  There shall be

10  no withholding from this amount.  Plaintiff understands that this payment will be reported to

11  the Internal Revenue Service ("IRS"), and that any questions as to the tax liability, if any, as a

12  result of this payment is a matter solely between Plaintiff and the IRS.  The check will be made

13  payable to Angelene Lomax, and will be mailed to Plaintiff at 29 Montsalas Drive, Monterey,

14  CA 93940.  Plaintiff and her attorney have been informed that payment of the Settlement

15  Amount may take sixty (60) days or more to process.

16  2. **Release**.  In consideration of the payment of the Settlement Amount and the other

17  terms set forth in this Stipulation and Agreement, Plaintiff hereby releases and forever

18  discharges Defendant, United States Department of Veterans Affairs and any and all of its past

19  and present officials, agents, employees, attorneys, insurers, their successors and assigns, from

20  any and all obligations, damages, liabilities, actions, causes of actions, claims and demands of

21  any kind and nature whatsoever, including claims arising under the Age Discrimination in

22  Employment Act; Title VII of the Civil Rights Act of 1964; the American with Disabilities

23  Act; the Rehabilitation Act; and the Fifth and Fourteenth Amendments of the United States

24  Constitution, whether suspected or unsuspected, at law or in equity, known or unknown, or

25  omitted prior to the date she executes this Agreement, which arise from or relate to her

26  employment with United States Department of Veterans Affairs.

27  3. **Attorneys' Fees**.  The parties agree that the Settlement Amount is in  full

28  satisfaction of all claims for attorneys' fees and costs arising from work performed by Plaintiff's

counsel at all stages of litigation, including, but not limited to, the processing of Plaintiff's administrative and district court complaints in connection with the above-captioned action, and any other EEO administrative proceedings which are currently pending.

4. **Dismissal**.  In consideration of the payment of the Settlement Amount and the other terms of this Stipulation and Agreement, Plaintiff agrees that she will within seven days of this agreement, execute a Stipulation of Dismissal, which stipulation shall dismiss, with prejudice, all claims asserted in this Action or any claims that could have been asserted in this Action. The fully executed Stipulation of Dismissal will be held by counsel for Defendant and will be filed with the Court upon receipt by Plaintiff's counsel of the Settlement Amount and the revised Standard Form 50 and neutral letter of reference described in paragraph 14 below.

5. **Waiver of California Civil Code § 1542**.  The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Plaintiff has been apprised of the statutory language of Civil Code Section 1542 by her attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he may have pursuant to the provision of that statute and any similar provision of federal law.  Plaintiff understands that, if the facts concerning Plaintiff's claims and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, this Agreement shall be and remain effective notwithstanding such material difference.

6. **Agreement as a Complete Defense**.  This Agreement may be pleaded as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of the claims released and discharged by the Agreement.

7. **No Admission of Liability**.  This is a compromise settlement of a disputed claim and demand, which settlement does not constitute an admission of liability or fault on the part of the Defendant or any of its past and present officials, agents, employees, attorneys, or

insurers on account of the events described in Plaintiff's complaints in these actions.

8. **Tax Liability**.  If any withholding or income tax liability is imposed upon Plaintiff or Plaintiff's counsel based on payment of the settlement sum received herein, Plaintiff or Plaintiff's counsel shall be solely responsible for paying any such determined liability from any government agency thereof.

9. **Enforcement Sole Remedy**.  The parties agree that should any dispute arise with respect to the implementation of the terms of this Agreement, Plaintiff shall not seek to rescind the Agreement and pursue her original causes of action.  Plaintiff's sole remedy in such a dispute is an action to enforce the Agreement in the United States District Court for the Northern District of California.

10. **Construction**.  Each party hereby stipulates that it has been represented by and has relied upon independent counsel in the negotiations for the preparation of this Agreement, that it has had the contents of the Agreement fully explained to it by such counsel, and is fully aware of and understands all of the terms of the Agreement and the legal consequences thereof. For purposes of construction, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

11. **Severability**.  If any provision of this Agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any way be affected or impaired thereby.

12. **Integration**.  This instrument shall constitute the entire Agreement between the parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Agreement.  The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement.  This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

13. **Authority**.  The signatories to this Agreement have actual authority to bind the

1  parties.

2       14.  **Expungement of Personnel Records**.  In addition to the terms described in

3  paragraph 1 above, Defendant agrees to the following:

4       (A) Defendant shall expunge from the plaintiff's Official Personnel Folder ("OPF") all

5  records of her termination, and replace such records with a Standard Form 50 reflecting that

6  plaintiff voluntarily resigned on June 30, 2009.  Plaintiff will be deemed to have been on Leave

7  Without Pay between June 6, 2009, and June 30, 2009.  Defendant shall provide Plaintiff with

8  a copy of the revised Standard Form 50.

9       (B) Defendant shall provide Plaintiff with a neutral letter of reference, which contains

10  only the following information: Plaintiff's name, salary, dates of service with the agency,

11  position, grade (GS-11-Step-10), job duties, and that she voluntarily resigned for personal

12  reasons.

13       (C) Plaintiff also agrees that in making future applications for employment with any

14  prospective employer, she will direct all inquiries about her employment status and history with

15  VAPAHCS only to the Chief, Human Resources Management Service, VAPAHCS, at the VA

16  Palo Alto Medical Center.  Defendant shall provide Plaintiff with the phone number of the

17  Chief, Human Resources Management Service, VAPAHCS, so she can list it on employment

18  applications.  In response to such inquiries made to the Chief of Human Resources

19  Management Service for VAPAHCS regarding Plaintiff, the Chief of Human Resources

20  Management Service, on behalf of VAPAHCS, agrees to provide an employment reference

21  regarding Plaintiff that is limited to Plaintiff's name, salary, dates of service with the agency,

22  position, grade (GS-11-Step-10), job duties, and that she voluntarily resigned for personal

23  reasons.  The parties specifically acknowledge and agree that the VAPAHCS is unable to

24  control communications from prospective employers to the agency, other than communications

25  with the Chief of Human Resources; that Plaintiff bears the risk of communications with

26  prospective employers; and, that Plaintiff will not attempt to hold the VAPAHCS liable or in

27  breach of this Settlement Agreement for responses to communications except for prospective

28  employer communications with the Chief of Human Resources.

15. **Application for Future Employment**.  Plaintiff agrees that she will not apply for employment at the VAPAHCS for a period of five years following the date she signs this Agreement.  However, nothing in this Agreement shall preclude plaintiff from applying to any other federal agencies, or from applying to the VAPAHCS after five years following the date she signs this Agreement.

16. **Knowing and Voluntary Waiver of Remedies Under Age Discrimination in Employment Act**.  Plaintiff acknowledges that she has been given a reasonable period of time to consider this Agreement.  Plaintiff is advised to consult her attorney about this Agreement.

DATED: October 7, 2011

Angelique Lomax
Plaintiff

DATED: October 7, 2011

Clark Stone
Plaintiff's Court Appointed Settlement Counsel

DATED: October 11, 2011

James A. Scharf
Assistant United States Attorney
Attorney for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: October 25, 2011

Hon. Howard R. Lloyd
United States District Court Magistrate Judge

STIPULATION AND AGREEMENT FOR COMPROMISE AND SETTLEMENT
No. C 10-4445 HRL                              6

**United States District Court**
For the Northern District of California

1   **C10-04445 Notice will be electronically mailed to:**

2   James Scharf                    james.scharf@usdoj.gov

3   **Notice will be provided by mail to:**

4   Angelene Lomax
    29 Montsalas Drive
5   Monterey, CA 93940

6   **Counsel are responsible for distributing copies of this document to co-counsel who have not
    registered for e-filing under the court's CM/ECF program.**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28